PER CURIAM:
Claimants brought this action for damage to their 2000 BMW 323 which occurred when claimant Wallace Reese was operating their vehicle on State Route 20 in Wetzel County, and the vehicle struck a hole in the road. Respondent was responsible at all times herein for the maintenance of State Route 20. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on February 18, 2003, at approximately 4:45 p.m. Claimant Wallace Reese was traveling northbound on State Route 20 from Mannington to New Martinsville, which he travels frequently. At this location, State Route 20 is a two-lane, blacktop highway with a double yellow center line and white lines on both edges of the road. It was cloudy and the road was wet but there *53 was no precipitation at the time of this incident. The road surface was wet due to a large snowfall which occurred on February 17,2003, the day prior to this incident. Mr. Reese testified that he was traveling between thirty-five and forty miles per hour. Fie stated that it was still daylight but that it was quickly turning to dusk. He was negotiating a right curve in the road near the south end of Reader in Wetzel County when he approached several holes in the road. He attempted to avoid the holes by maneuvering towards the center line but he was unable to do so because of oncoming traffic. The right front tire struck one of the holes. After the incident, claimant noticed that the vehicle was pulling to tlie right. On March 13,2003, he drove the vehicle to Charleston to have it serviced. At that time, he discovered that the right front wheel was bent and the tire had a separated belt. Mr. Reese testified that he has observed numerous holes in the road at the location of this incident on prior occasions. He stated that he observed different holes appearing at different times. He stated that some holes would be repaired with cold mix but the repairs lasted only a short period of time because the cold mix would come out of the holes. According to Mr. Reese, it was possible to avoid some of the holes at this location by driving close to the center line. However, on the night of this incident there was oncoming traffic which prevented him from doing so. Claimants submitted a repair bill for a new tire, a wheel, and a four wheel alignment in the amount of $654.73.
Claimants contend that respondent knew or should have known of the holes in the road and that it should have made adequate and timely repairs to eliminate this hazard.
Respondent asserts that it did not have notice of the holes in the road and it was operating under emergency circumstances to remove the snow and ice from the roads as a result of a large snowstorm and that it acted diligently under the circumstances.
Joseph Mercer Jr., the Crew Leader for respondent in Wetzel County at the time of this incident, is responsible for overseeing the maintenance work on State Route 20 at the location of this incident. He is also familiar with the location where this incident occurred. Mr. Mercer testified that on February 17, 2003, Wetzel County received a heavy snowfall. He testified that some areas received twenty inches of snow and a few others received as much as thirty inches of snow. As a result of such a large snowfall in a short period of time, Mr. Mercer and the two crews he oversees were forced to operate on a twenty-four hour schedule. He stated that each crew is made up of six members and that they operated dump trucks and a grader to clear the snow off the roads. Mr. Mercer testified that during such a large storm the respondent’s first priority is to clear the roads to keep them open for travel. Further, he stated that State Route 20 is a “trunk line” road and is a first priority road. Mr. Mercer testified that once State Route 20 is cleared then respondent clears the “feeder line” roads, which are blacktop roads that are not as heavily traveled as the first priority roads. He stated that the secondary roads are cleared and treated last. Respondent introduced into evidence the DOH-12 records which indicated that on February 17, 2003, the respondent placed thirty-four tons of salt and cinder on State Route 20 in response to the heavy snowfall. Further, on February 18,2003, the date of this incident, respondent’s records show that its two crews each worked a twelve hour shift. The respondent used snow plows and trucks to apply abrasives primarily on State Route 20. In addition, Mr. Mercer testified that respondent had a truck plowing snow and applying abrasives on State Route 20, a total of sixteen hours on February 18, 2003. According to Mr. Mercer, respondent had no prior notice or complaints about the hole which claimants’ vehicle struck He testified that on February 6, 2003, respondent placed temporary cold mix patches over holes in the road on State Route 20. Respondent introduced into evidence a DOH-12 dated February 6, 2003, which indicated that *54 respondent patched the road in the area where Mr. Reese’s incident occurred.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81. (W.Va. 1947). To hold respondent liable, claimants must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent was not negligent in its maintenance of State Route 20. The evidence adduced at the hearing established that respondent had all of its available employees on SRIC (snow removal and ice control) due to the significant snowstorm in Wetzel County. Respondent had to respond to this emergency situation and focus on removing the snow and keeping the roads clear. Respondent was operating on a twenty four hour basis to keep State Route 20 and other roads open beginning on February 17, 2003, and respondent did the same on February 18, 2003, which was the date of this incident. The evidence also indicated that respondent had just patched the portion of the road where this incident occurred on February 6,2003, which was only twelve days prior to the incident. Respondent had no notice or complaints about holes in the road between February 6,2003, and February 18, 2003. The Court is of the opinion that the respondent was acting diligently in treating the snow and ice hazards on the date of this incident and was not negligent in its maintenance of State Route 20 at the time of claimant’s incident herein.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.